**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIE ROMERO SANTIAGO,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**MEGAN J. BRENNAN,** United States Postmaster General,<br><br>　　　　Defendant. | Case No.: 20-CV-1571 YGR<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; CONTINUING CASE MANAGEMENT CONFERENCE** |

The Court has reviewed plaintiff Willie R. Santiago's Motion for Appointment of Counsel, as well as his requests: (1) for oral argument, a protective order, and to be relieved of his discovery obligations; (2) to assign a medical expert, a special mater, and to impose a dispositive motion; (3) his request to assign a magistrate to review his case and conduct a discovery meeting, and set a trial date in July 2020; (4) his request to amend his pleadings to name additional defendants violating his First Amendment rights and retaliating against him; (5) his request to amend his pleadings to restate his request for relief; (6) his request to amend his complaint to add additional defendants and issue trial subpoenas; and (7) his case management statement. (*See* Dkt. Nos. 12-19.)

First, with respect to the case management conference currently scheduled for July 6, 2020, that conference is **CONTINUED** to **August 10, 2020**, at 2:00 p.m. The Court notes that plaintiff has filed a proof of service on defendant Megan J. Brennan which indicates that she was served by delivery to authorized agent Boissaye Arkiatou on April 29, 2020, at 3:16 p.m. (Dkt. No. 11.) Defendant has not yet appeared and 60 days have not elapsed from service on defendant, an officer of a United States agency. *See* Fed. Rules Civ. Pro. 12(a)(2), (3).

Second, with respect to plaintiff's request for appointment of counsel, in civil proceedings such as the one here, there generally is no constitutional right to counsel, unlike in criminal proceedings. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally. . . no constitutional right to counsel in a civil case."). The Court has a limited power only to "request an attorney to represent any person unable to afford counsel," in exceptional circumstances.

*See* 28 U.S.C. § 1915(e)(1); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (decision of whether to request counsel is within the discretion of the court and is "granted only in exceptional circumstances"). For the Court to determine whether "exceptional circumstances" exist, it must make an evaluation of the likelihood of plaintiff's success on the merits of his claims as well as his ability articulate those claims on his own, considering the complexity of the legal issues. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). At this stage of the proceedings, the Court is unable to determine whether exceptional circumstances are present here. Accordingly, plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. The Court may reconsider on its own motion and request appointment of counsel later in the proceedings.

With respect to plaintiff's additional requests, the Court will discuss these matters with plaintiff at the case management conference.

The Court advises plaintiff that a handbook for self-represented litigants, as well as templates for commonly used documents and other information, can be found at: https://cand.uscourts.gov/about/court-programs/legal-help-desks/. Additional assistance may be available by making an appointment with the Legal Help Center. **There is no fee for this service**. To make an appointment with the Legal Help Center, call 415-782-8982 or email federalprobonoproject@sfbar.org.

The Court further notes that self-represented ("pro se") parties with existing cases before this court may register to become ECF users and may file documents electronically without first obtaining a judge's permission. Further information is available at: https://cand.uscourts.gov/cases-e-filing/cm-ecf/setting-up-my-account/e-filing-self-registration-instructions-for-pro-se-litigants/

This Order Terminates Docket Number 12.

**IT IS SO ORDERED.**
**Date: June 29, 2020**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**