**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIE ROMERO SANTIAGO,**<br><br>   **Plaintiff,**<br><br>   vs.<br><br>**MEGAN J. BRENNAN,** United States Postmaster General,<br><br>   **Defendant.** | Case No.: 20-CV-1571 YGR<br><br>**ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT; DENYING REQUEST RE: AFFIDAVITS; DENYING MOTION RE: 14TH AMENDMENT; GRANTING MOTION RE: DISMISSAL OF FIRST AMENDMENT CLAIM**<br><br>**DKT. NO. 32, 34, 35** |

Plaintiff Willie R. Santiago has filed a series of motions. The first is a motion requesting the following of the Court: (1) for an extension of time to submit his First Amended Complaint; and (2) directing certain affidavits be presented to "appointed members of the jury." (Dkt. No. 32.) Defendant Louis Dejoy filed his response. Plaintiff filed two additional motions: the first, at Docket No. 34, requesting that the Court grant him equal protection under the 14th Amendment, apparently to the effect that he be appointed counsel to represent him in this matter; and the second at Docket No. 35, requesting that the Court dismiss his claim of violation of the First Amendment against the U.S. Postal Service.

With respect to the motion at Docket No. 32, the Court **ORDERS** that:

(1) The motion for extension of time to file a First Amended Complaint is **GRANTED**. Plaintiff Willie R. Santiago shall file his First Amended Complaint **no later than September 2, 2020**. Defendant shall file his response **14 days thereafter**.

(2) The request to direct members of the jury to review certain affidavits is **DENIED WITHOUT PREJUDICE**. At this stage of the case, plaintiff must first state his claims in his complaint, and the defendant must have an opportunity to respond to that complaint. Assuming his complaint survives any intervening motions from defendant and is set for a jury trial, plaintiff then will have an

opportunity to request that affidavits and other evidence be presented to them at a pre-trial conference prior to the trial.  The Court will not order that any evidence to be presented to a jury before a pre-trial conference.

With respect to the motion at Docket No. 34, which the Court construes as a renewed motion for appointment of counsel, the motion is **DENIED WITHOUT PREJUDICE**.  As the Court previously stated in its Order of June 20, 2020 (Dkt. No. 20), in civil proceedings there generally is no constitutional right to counsel, absent exceptional circumstances.  *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally. . . no constitutional right to counsel in a civil case."), 28 U.S.C. § 1915(e)(1); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (decision of whether to request counsel is within the discretion of the court and is "granted only in exceptional circumstances").  A finding of exceptional circumstances requires that plaintiff first articulate the nature of his claims, which it cannot do at this point.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court may reconsider the request for appointment of counsel later in the proceedings but will not do so before plaintiff files an amended complaint and considers defendant's response to that amended complaint.

With respect to the motion at Docket No. 35, the motion is construed as a request for voluntary dismissal of any First Amendment claim plaintiff has alleged against defendants and is **GRANTED**.  Plaintiff is directed to delete that claim from any First Amended Complaint that he files.

This terminates Docket Nos. 32, 34, and 35.

**IT IS SO ORDERED.**
Date: August 26, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**