1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6
7

**WILLIE ROMERO SANTIAGO,**

Plaintiff**,**

8

**vs.**

9
10

**LOUIS DEJOY,** United States Postmaster
General,

11

Defendant**.**

Case No.: **20-CV-1571 YGR**

**ORDER GRANTING MOTION OF DEFENDANT
LOUIS DEJOY TO DISMISS FIRST AMENDED
COMPLAINT WITH LEAVE TO AMEND**

**DKT. NO. 48**

12
13
14
15
16
17

Plaintiff Willie Romero Santiago brings this action against Defendant Louis DeJoy, United
States Postmaster General.  Plaintiff's original complaint for discrimination and retaliation was filed
March 3, 2020. (Dkt. No. 1.)  Prior to the Initial Case Management Conference held August 10,
2020, plaintiff requested to amend his complaint.  At the case management conference, the Court set
a deadline of August 24, 2020, later extended to September 2, 2020 at plaintiff's request, for filing of
the amended complaint.  (Dkt. No. 36.)

18
19
20
21
22
23
24
25
26
27

On September 1, 2020, plaintiff filed his "Final Draft of An Amended Statement of Claims
(7)" (Dkt. No. 40, "Amended Complaint"), setting forth claims of discrimination and retaliation
against "Defendant Office of the USPS-SF District" and two "Defendant postal Officers," Khamkhit
Sondara and Cizhen Zhu, identified in the text of the document.  (*Id*.)  Plaintiff alleges seven
different "Claims" which correspond to seven different types of conduct about which he complains.
With respect to each of these seven "Claims," plaintiff alleges that the conduct was based on his age
and national origin, and each violates several different laws: (1) Public Law 107-174 or the "NO
FEAR" Act of 2002; (2) the Age Discrimination Act of 1967 ("ADEA"); (3) the Equal Employment
Opportunity Act of 1972; (4) the California Fair Employment & Housing Act (FEHA) of 1959, and

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1 | (5) Title VII of the Civil Rights Act of 1964, as well as "the Freedom of Speech of the First

2 | Amendment."[1] (*Id.*)

3 | Defendant Louis DeJoy, as United States Postmaster General, has filed a Motion to Dismiss

4 | the amended complaint under Rules 8, 10, 12(b)(1) and 12(b)(6).  (Dkt. No. 48.)  Defendant argues

5 | that the amended complaint should be dismissed for: (1) failure to comply with Federal Rules of

6 | Civil Procedure Rules 8 and 10; (2) failure to establish jurisdiction due to sovereign immunity from

7 | suits for punitive damages; and (3) for failure to allege sufficient facts to state claims for

8 | discrimination, hostile work environment, age discrimination, or retaliation under Title VII or the

9 | ADEA, and failure to allege a First Amendment violation.

10 | Having carefully considered the papers submitted and the pleadings in this action, and for the

11 | reasons set forth below, the Court **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**.[2]

12 | **I.    SUMMARY OF ALLEGATIONS OF THE AMENDED COMPLAINT**

13 | In his Amended Complaint, plaintiff alleges that he is a Filipino male hired by the United

14 | States Postal Service ("USPS") in August 2018 when he was nearly 63 years old.  (Amended

15 | Complaint at 1.)  Plaintiff held a position as a Part-Time Flexible Clerk for several months before he

16 | was issued a Notice of Separation on February 8, 2019.

17 | In his "Claim No. 1," plaintiff alleges he was hired to work in a USPS branch in Marin

18 | County but was directed to report for work at a different facility in Sonoma County that did not

19 | provide retail operations interacting with the public, and thereby deprived of training and work at the

20 | original facility.  (*Id.* at 1.)

21 | In his "Claim No. 2," plaintiff alleges he reported to a different USPS branch, Forest Knolls,

22 | in November 2018 for training and experienced "repeated harassment, intimidation, and

23 | humiliation."  (*Id.* at 2.)  He contends that the environment at Forest Knolls was "hostile" the

24 | Postmasters at two facilities "were indifferent in their attitudes towards [him] on many occasions."

25 | _____

26 | [1] Plaintiff previously requested, and was granted, voluntary dismissal of his First Amendment claim.  Plaintiff was directed to delete it from his amended complaint when filed.  However, the Amended Complaint includes reference to the First Amendment as a basis for his Claims.

27 | [2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES**

28 | the hearing set for **October 20, 2020.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(*Id.*)  Plaintiff alleges he reported the harassing treatment to the Postmasters and that they "accorded at me numerous retaliatory measures" up until the time he was given a Notice of Separate on February 6, 2019.  (*Id.*)

In his Claim No. 3, plaintiff alleges that, after he reported harassment in November 2018, the Postmasters "promoted false statements" to other managers and supervisors in retaliation, causing those one of those supervisors to evaluate him as not suited for working in the USPS retail system. (*Id*. at 3.)

In his Claim No. 4, plaintiff alleges that one Postmaster referred him for an accommodation of a disability "without [his] knowledge" because plaintiff informed the Postmaster he had a vision problem.  (*Id*. at 4.)  Plaintiff alleges he declined an accommodation meeting since he did not request an accommodation and has never had a disability. (*Id*. at 4.)

In his Claim No. 5, plaintiff alleges the individual postmasters "reimposed" a 90-day probationary period as of December 10, 2018 even though he had already been employed 116 days with USPS. (*Id*. at 5.)

In his Claim No. 6, plaintiff alleges that postmaster Sondara conducted a performance evaluation meeting with him and that Sondara "threatened" him with termination on January 30, 2019.  (*Id*. at 6.)

In his Claim No. 7, plaintiff alleges that Postmaster Sondara served him with a Notice of Separation on February 6, 2019 erroneously, since he had already passed his probationary period. (*Id*. at 7.)

## II.   ANALYSIS

The Court first notes that plaintiff filed a one-page response to the motion to dismiss that failed to address the arguments made by defendant.  Although plaintiff is not a lawyer and is representing himself in this action, he must still abide by the procedural rules and pleading requirements that govern all litigation in federal court.  Among these standards is the requirement that a plaintiff alleging employment discrimination, harassment, and retaliation must allege facts that, when credited as true, would be sufficient to state all the legal elements of the claims, including the requirement to raise a plausible inference that he was treated differently because of his membership in a protected class.  The fact that a plaintiff previously filed an administrative claim

does not excuse him from alleging sufficient facts *in his complaint* to meet the standards of the Federal Rules of Civil Procedure as well as the substantive requirements of the laws he claims have been violated. On a motion to dismiss under Rule 12(b)(6), the Court does not consider facts outside the complaint. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (plaintiff cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss). Likewise, the Court does not weigh the truthfulness of the allegations in the complaint or of any outside evidence.

While unopposed in their substance, the Court nevertheless has considered the Government's arguments carefully and finds that they have merit. The Court addresses each argument in turn.

### A.     Dismissal Under Rule 12(b)(1) For Lack of Jurisdiction

Defendant first argues that the Amended Complaint must be dismissed for lack of jurisdiction because plaintiff's claims as alleged are barred by sovereign immunity. Under the doctrine of sovereign immunity, "'[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Unless waived, "sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Absent an unequivocal waiver of sovereign immunity by the United States government, the federal court lacks jurisdiction over a suit against it. *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003).

Plaintiff's Amended Complaint seeks only punitive damages. First, punitive damages are not available at all under the ADEA. *See Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009). Second, while punitive damages generally are available under Title VII against *private* employers, they are not available against a federal government employer because the federal government has not waived sovereign immunity for purposes of punitive damages claims. *See* 42 U.S.C. § 1981a(b)(1); *see also Terry v. Ashcroft*, 336 F.3d 128, 153 (2d Cir. 2003) (punitive damages not permitted in claim under Title VII and ADEA against Immigration and Naturalization Service); *Robinson v. Runyon*, 149 F.3d 507, 517 (6th Cir. 1998) (following Seventh Circuit in holding that USPS is immune from punitive damages for purposes of Title VII).

Because the Court would not have jurisdiction to award the only damages plaintiff seeks here against the federal defendant, the motion on these grounds is **GRANTED**.

### B.   Dismissal Under Rules 8(a), 10(a), and 10(b)

Defendant next argues that the Amended Complaint should be dismissed because it fails to identify which of the defendants he is suing on each claim, fails to specify the legal basis and facts that support each claim separately, and provides only conclusory allegations of wrongdoing.  The Court agrees.

Rule 8(a) requires that the complaint state a "short and plain" basis for the court's jurisdiction as well as a short and plan statement of the claim showing the plaintiff is entitled to relief.  Rule 10(a) requires that the complaint identify all parties.  Rule 10(b) requires that a complaint number each paragraph and state each claim based on a separate occurrence in a separate count.  The complaint should identify which facts are alleged to support which legal theory.  Plaintiff has failed to do so here.

Any amended pleading should: (1) separate each legal theory into separate claims, (2) set forth clear facts in an organized fashion that shows plaintiff is entitled to relief under each legal violation he alleges; and (3) identify which defendants are alleged to be liable for each claim.  Any amended pleading should also include a caption page, similar to the first page of this Order, listing the names of the parties and clearly identifying that the document is the Second Amended Complaint.

### C.   Dismissal Under Rule 12(b)(6) For Failure to Allege Facts Sufficient To State A Claim Under Each Of The Identified Legal Theories

Next, defendant seeks to dismiss the Amended Complaint under Rule 12(b)(6) for failure to allege sufficient facts to state a claim under the laws identified therein.  The Court finds that plaintiff's Amended Complaint has failed to allege facts sufficient to state a claim under the theories put forth by plaintiff, as detailed below.

#### 1.   *Failure to Allege A Claim Under Title VII or ADEA*

##### a.   *Discrimination*

Defendant contends that plaintiff has not alleged the facts necessary to support a claim under Title VII or ADEA.  To establish a prima facie case of discrimination under Title VII, a plaintiff must show: (1) that plaintiff belongs to a class of persons protected by Title VII; (2) that plaintiff

United States District Court
Northern District of California

performed their job satisfactorily; (3) that plaintiff suffered an adverse employment action; and (4) the employer treated plaintiff differently because of membership in the protected class.  *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).  Similarly, to establish a prima facie case of age discrimination, a plaintiff must allege: (1) plaintiff was at least forty years old; (2) plaintiff was performing the job satisfactorily; (3) plaintiff suffered an adverse employment action; and (4) plaintiff suffered the adverse action on account of age. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012).  The fourth element can be established either by direct evidence of indicating an employer's discriminatory conduct—such as derogatory comments based on the protected status—or through circumstantial evidence—such as evidence that similarly situated individuals outside the plaintiff's protected class were treated more favorably or other circumstances giving rise to an inference that the action was because of discrimination.  *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Wood v. City of San Diego,* 678 F.3d 1075, 1081 (9th Cir.2012) ("A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action.").  While plaintiff is not required to allege every fact necessary to establish a prima facie case of discrimination in the complaint, the complaint must provide fair notice of the basis for the plaintiff's claims.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

Here, plaintiff has alleged only conclusory statements that he was treated unfairly, followed by statements that he believes USPS and the individual postal officers are liable for discrimination based on his age and national origin.[3]  For instance, while plaintiff alleges he was served a Notice of Separation and that the *conclusion* that this was discrimination based on his age and national origin,

---

[3]  Plaintiff's original complaint listed only the Postmaster General as a defendant in its caption.  The Amended Complaint did not include a caption or description of the parties.  (Amended Complaint at 1.)  The body of the Amended Complaint, however, refers to "defendant**s**" (plural) and to Khamkhit Sondara and Cizhen Zhu as defendants.  (*Id.* at 2.)  Employment discrimination claims against the USPS must be brought against the Postmaster General as the head of the "department, agency, or unit." 42 U.S.C. § 2000e-16(c); *Cooper v. U.S. Postal Service* (1984) 740 F.2d 714, 716 (9th Cir.1984) (reversed on other grounds) (claims must be brought against Postmaster General); *Vinieratos v. U.S. Dept. of Air Force Through Aldridge*, 939 F.2d 762, 772 (9th Cir. 1991) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'").  Any amended complaint must clearly state whether Sondara and Zhu are being sued individually, and in what capacity, or whether their names are simply alleged as matters of fact.

plaintiff alleges no *facts* that would indicate that this Notice of Separate, or any of the conduct

alleged in his Claims, was based upon a discriminatory motive.  Without these basic factual

allegations, the complaint fails to state a discrimination claim under Title VII or the ADEA.

*Compare Swierkiewicz*, 534 U.S. at 514  (complaint sufficiently alleged Title VII and ADEA claims

where it alleged "the events leading to his termination, provided relevant dates, and included the

ages and nationalities of at least some of the relevant persons involved with his termination").

Moreover, he must tie those factual allegations to a specific defendant.

### b.    *Harassment/Hostile Work Environment*

To prevail on a claim of hostile work environment in the Ninth Circuit, an employee must

establish that: "(1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that

this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter

the conditions of the victim's employment and create an abusive working environment."  *Kortan v.

Calif. Youth Auth.,* 217 F.3d 1104, 1109–1110 (9th Cir. 2000).  Title VII is not a general civility

code, but forbids harassment only behavior that arises on account of a protected classification.

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (Title VII prohibits "harassment

on the basis of sex").

Here, again, plaintiff does not allege facts about the alleged harassment, only the conclusion

that he was harassed.  Plaintiff must allege the conduct he contends constituted harassment in order

to state a claim for unlawful harassment under Title VII.  Further, he must allege facts to raise a

plausible inference that the harassment was done on the basis of a protected category and link those

facts to a specific defendant.

### c.    *Retaliation*

In order to state a claim for retaliation, a plaintiff must allege: (1) that plaintiff engaged in a

protected activity (such making a report of unlawful conduct under the ADEA or Title VII); (2) that

plaintiff was subjected to an adverse employment action thereafter; and (3) that a causal link exists

between the two.  *See Manatt v. Bank of America*, 339 F.3d 792, 800 (9th Cir. 2003).  A report of

general workplace harassment does not qualify as a protected activity.  *E.E.O.C. v. Go Daddy

Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009) (a complaint about an incident does not qualify as a

protected activity unless a reasonable person would believe that the incident violated Title VII);

United States District Court
Northern District of California

United States District Court
Northern District of California

*Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411-12 (9th Cir. 1987) (retaliation claim deficient where plaintiff opposed employer practice for reasons other than discrimination).

Here, plaintiff alleges that on November 8, 2018, he "reported to Defendant Postmaster Khamkhit Sondara that [he] was experiencing repeated harassment, intimidation, and humiliation" and that as a result, Sondara and Zhu "accorded at [him] numerous retaliatory measures." (Amended Complaint at 2.) Plaintiff does not allege any other facts about this "report" to Sondara, what it was about, what form it took, and whether the alleged harassment was based on a protected status. Plaintiff also does not allege facts to explain his conclusory assertion that defendant undertook "numerous retaliatory measures." Without such allegations, plaintiff has not stated a claim for unlawful retaliation under Title VII or otherwise.

### 2.      *Failure to Allege Additional Legal Theories*

To the extent plaintiff relies on the California FEHA as a basis for his claims, that legal theory is dismissed with prejudice. Title VII and the ADEA provide the exclusive judicial remedies for claims of race and age discrimination in federal employment. *See Brown v. General Services Administration*, 425 U.S. 820, 829 (1976) (stating that Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination"); *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985). Any amended complaint should not include a claimed violation of FEHA.

To the extent plaintiff is using his allegations of discrimination as a basis for stating a constitutional violation, Title VII and the ADEA again provide the sole remedy. *See Holly v. Jewell*, 196 F.Supp.3d 1079, 1085 (N.D. Cal. 2016) (dismissing constitutional claim arising from alleged First Amendment religious discrimination as covered exclusively by Title VII); *Nolan v. Cleland*, 686 F.2d 806, 815 (9th Cir. 1982) (due process claim based on the same alleged facts as Title VII sex discrimination claim was precluded since Title VII provided exclusive remedy for discrimination in federal employment). If plaintiff intends to allege a First Amendment violation, he must articulate what conduct establishes that violation and it must be ***separate*** from the conduct he alleges to establish a Title VII or ADEA violation.

To the extent plaintiff bases his complaint on the No FEAR Act, that legal theory is dismissed without permission to amend. That statute does not provide a private right of action. *See*

*Davis v. Brennan*, No. 18-cv-1679-JGB, 2019 WL 2932642, at *3 (C.D. Cal. Mar. 20, 2019) (dismissing NO FEAR Act claim brought by USPS employee based on finding "the decisions addressing the question 'uniformly conclude that the NO FEAR Act does not create any private cause of action or substantive rights,'" citing *Mallard v. Brennan*, 2015 WL 2092545, at *9 and n.7 [collecting cases]).  Any amended complaint should not include a claimed violation of the No FEAR Act.

Finally, to the extent plaintiff was attempting to state a separate legal theory by reference to "The Equal Employment Opportunity Act of 1972" that theory is also dismissed without permission to amend since that statute is only an amendment to, and not a separate theory from, Title VII.

### 3.    Failure To Allege Administrative Exhaustion

Finally, defendant argues that plaintiff has not alleged in his Amended Complaint that he exhausted his administrative complaint remedies.  The Court agrees.

**A court may not entertain discrimination claims** by a federal-employee plaintiff under Title VII **unless the plaintiff alleges that he has first exhausted the administrative process** as required by federal statute.  *Brown v. General Serv. Admin.*, 425 U.S. 820, 832-33 (1976). Allegations of discrimination falling outside the scope of the administrative complaint must be dismissed. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003).  Here, plaintiff must allege what claims he included in his administrative complaint and whether he exhausted his remedies with respect to the administrative complaint (or has a legal basis excusing him from doing so).

## III.    CONCLUSION

Based on the foregoing, the Motion to Dismiss the Amended Complaint is **GRANTED WITH LEAVE TO AMEND**.

Plaintiff may file a Second Amended Complaint with additional allegations to cure the defects identified above.  No additional legal theories or new parties may be added without permission of the Court or stipulation of the defendant. All claims and actions dismissed without permission to amend shall not be included in the amended complaint.

United States District Court
Northern District of California

1    Plaintiff must file his Second Amended Complaint no later than **November 20, 2020**.

2  Defendant shall have **21** days thereafter to respond.

3    This terminates Docket No. 48.

4    **IT IS SO ORDERED.**

5  **Date**: October 16, 2020

6                                                    **YVONNE GONZALEZ ROGERS**
                                                     **UNITED STATES DISTRICT COURT JUDGE**