**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIE ROMERO SANTIAGO,**<br><br>       Plaintiff,<br><br>   vs.<br><br>**LOUIS DEJOY,** United States Postmaster General,<br><br>       Defendant. | Case No.: 20-CV-1571 YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS CONCERNING DISCOVERY, APPOINTMENT OF A SPECIAL MASTER, ENTRY OF DEFAULT, AND DECLARATION OF PERJURY**<br><br>**DKT. NOS. 37, 38, 39, 42, 43, 44, 45, 46, 47, 50, 52, 54, 55, 56, 59, 60, 61** |

Plaintiff Willie R. Santiago has filed a new series of motions and miscellaneous filings, some of which appear to replicate motions the Court previously ruled on and some of which raise new issues.

With respect to the motions concerning review of affidavits, trial setting, or evidence to be viewed by a jury (Dkt. Nos. 38, 43, 45), as previously indicated by the Court, such requests are also premature and are **DENIED**.

With respect to the motions at Docket Nos. 42 and 61, requesting appointment of a special master and a medical expert, those requests are **DENIED** for failure to establish a reason for doing so.

With respect to the motions concerning discovery, and plaintiff's filings appearing to be discovery requests (Dkt. Nos. 38, 47, 52, 54, 60), those motions are **DENIED** as premature. Plaintiff must serve discovery on the party required to answer, not file discovery questionnaires with the Court. Plaintiff must also allow the responding party sufficient time under the Federal Rules to respond to those requests before seeking Court intervention to compel a response. The Court further notes that it has stayed discovery until defendant(s) have filed an answer in this matter, that is, until the Court has resolved any motions to dismiss plaintiff's current complaint.

With respect to the motions requesting the Court declare that certain persons guilty of perjury (Dkt. Nos. 50, 55), the motions are **DENIED**. The Court is not in a position to make determinations of fact, much less determinations of guilt, with respect to any statements not before it.

With respect to the motions to enter a default or to declare that the motion to dismiss was not filed timely (Dkt. Nos. 46, 59), the motions are **DENIED**. Plaintiff is incorrect in his calculations of the time by which defendants were required to respond. Plaintiff asked for and was given leave to file an amended complaint, relieving defendant from the obligation to answer his original complaint. Plaintiff did so on September 1, 2020, and defendant timely and properly filed a motion to dismiss in response to the Amended Complaint. The Court has, by separate order, granted that motion to dismiss and given plaintiff leave to file a Second Amended Complaint. Defendant may respond to that Second Amended Complaint with an answer or with a proper motion to dismiss. No default may properly be entered at this time.

The motion at Docket No. 44 to grant an extension of time is **DENIED AS MOOT** and as having been addressed by the Court's prior Order.

This terminates Docket Nos. 43, 44, 46, 50, 52, 54, 55, 56, 60, 61.

**IT IS SO ORDERED.**
Date: October 16, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**